HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHONG YU ZHANG,

    Plaintiff,

EUREST BOEING,

    Defendants.

CASE NO. C19-1280-RAJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Defendant Eurest Boeing's ("Defendant") Motion to Dismiss *pro se* Plaintiff Chong Yu Zhang's Complaint. Dkt. # 7 at 1. For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss for Failure to State a Claim and **DENIES** Defendant's Motion for a More Definite Statement as **moot**. *Id.*

## II. BACKGROUND

Plaintiff Chong Yu Zhang ("Plaintiff") alleges that his employer, Eurest Compass Group, shorted his wages, drove him out, and terminated him without notice. Dkt. # 1, Ex. 1 at 9. Plaintiff also claims that he reported the wage issue to his local union representative, and they refused to investigate or provide material to the Washington Human Rights Commission. *Id.* at 10. Plaintiff further alleges that "[General Manager] Kris Villager defamed me, I threatened her, to hire a hitmen against her, to burn Boeing factory . . ." *Id.*

at 9.

On July 5, 2019, Plaintiff sued Eurest Boeing alleging that they shorted his wages, drove him out, and terminated him without notice. Dkt. # 1, Ex. 1 at 9. Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim. Dkt. # 7 at 1. Plaintiff opposes this motion. Dkt. # 10.[1]

## III. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences

---

[1] The Court notes that Mr. Zhang improperly filed an additional "Reply" brief (Dkt. # 13) in response to Defendant's properly filed Reply (Dkt. # 11). The Court will not consider additional briefing materials filed after a motion's noting date. Accordingly, Mr. Zhang's Reply (Dkt. # 13) is **STRICKEN**. While the Court cannot give Mr. Zhang any legal advice, Mr. Zhang is strongly encouraged to consult this district's Local Rules and the *pro se* handbook available on the district court's website: https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf

arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 568. Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's Complaint alleges almost no factual allegations to support his claims. Dkt. # 1. *Bell Atl. Corp.*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). For example, Plaintiff alleges that his wages were shorted, but does not allege how his wages were shorted or any other facts to support his claim. Dkt. # 1, Ex. 1 at 9. Similarly, Plaintiff claims that his general manager, Kris Villager, defamed him, but provides no details regarding Villager's allegedly defamatory statement, such as whether the statement was published or whether Villager knew the statement was false. *Herron v. KING Broad. Co.*, 112 Wash.2d 762, 768 (1989) (holding a defamation action consists of four elements: (1) a false statement, (2) publication, (3) fault, and (4) damages). Finally, most of the facts alleged appear to relate to the failure of the "Seattle Union" and the Washington Human Rights Commission to investigate Plaintiff's concerns, neither of which are parties to this action. Dkt. # 1, Ex. 1 at 9-10. Applying even the most liberal standard, Plaintiff's allegations are largely incomprehensible and fail to state a plausible claim for relief. *Bell Atl. Corp*, 550 U.S. at 556. Dkt. # 1.[2]

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Failure to State a

---

[2] The Court notes that Plaintiff includes facts in its Response to Defendant's Motion to Dismiss that are not in the Complaint, which the Court will not consider. Dkt # 10. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (a court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question).

Claim is **GRANTED** and Defendant's Motion for a More Definite Statement is **DENIED** as moot. Dkt. # 7. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action with prejudice. Because the Court has given Plaintiff leave to amend his Complaint, Plaintiff's Motion to Amend is terminated as moot. Dkt. # 12.

DATED this 31st day of October, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge