THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHONG YU ZHANG,<br><br>          Plaintiff,<br><br>EUREST BOEING,<br><br>          Defendants. | CASE NO. C19-1280-RAJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

This matter is before the Court on Defendant Compass Group USA, Inc.'s ("Defendant" or "Compass Group") motion to dismiss *pro se* Plaintiff Chong Yu Zhang's first amended complaint. Dkt. # 22.[1] For the reasons below, the Court **GRANTS** Defendant's motion.

---

[1] Defendant UNITED HERE Local 8 has not entered an appearance or filed a responsive pleading in this action and it does not appear that they were served a copy of the amended complaint. On April 27, 2020, the Court issued Plaintiff an Order to Show Cause why Defendant UNITED HERE Local 8 should not be dismissed without prejudice for failure to prosecute. Dkt. # 28.

ORDER - 1

## II. BACKGROUND

On July 5, 2019, Plaintiff sued his employer, Compass Group (improperly identified in the original complaint as "Eurest Boeing") alleging that they shorted his wages, drove him out, and terminated him without notice. Dkt. # 1, Ex. 1 at 9. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. Dkt. # 7. On October 31, 2019, the Court granted the motion but gave Plaintiff leave to file an amended complaint. Dkt. # 19. Plaintiff subsequently filed a first amended complaint against Compass Group and added UNITED HERE Local 8 as a defendant. # 20. Compass Group now moves to dismiss the first amended complaint for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 22.

## III. DISCUSSION

### A. Rule 8

Rule 8 requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "[E]ach allegation must be simple, concise, and direct." *Id.* Although courts must construe *pro se* pleadings liberally, a plaintiff must still allege "a minimum factual and legal basis for each claim so that defendants are given fair notice of the plaintiff's claims and the grounds upon which they rest." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). A complaint that does not clearly and concisely describe the factual allegations or provide defendants with notice of who is being sued on which theory, violates Rule 8.

The Court has carefully reviewed Plaintiff's amended complaint and finds that it fails to comply with Rule 8. Plaintiff 19-page complaint (including 53 pages of exhibits)

ORDER - 2

is convoluted and largely unintelligible, hindered by references to irrelevant facts and conclusory allegations. *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980). The Court is unable to determine what causes of action Plaintiff is asserting and how these allegations are attributable to Compass Group. *Martushoff v. Luvera*, No. C18-1870 RSM, 2019 WL 2422616, at *2 (W.D. Wash. June 10, 2019) ("[A] complaint properly plead under Rule 8 must make clear connections between specific allegations and individual defendants"). Even under a liberal construction of these claims for a *pro se* litigant, the Court finds that Plaintiff's first amended complaint violates Rule 8.

**B.     Rule 12(b)(6)**

Plaintiff's amended complaint also fails to state a claim under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). This rule requires a court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 568 (2007).

Plaintiff's main allegations appear to be that (1) he was terminated on the basis of his race, (2) his "GM Kris Villager" defamed him, and (3) his wages were shorted. *See generally* Dkt. # 20. The basis for Plaintiff's Title VII claim is not clear from the amended complaint. Beyond checking the box for Title VII employment discrimination, Plaintiff's amended complaint does not allege any facts suggesting that he was terminated because of his race. Nor does Plaintiff allege that other similarly situated employees outside of his suspect class were treated differently, beyond a single conclusory assertion that he has "never heard another coworker has [sic] similar experience." Dkt. # 20 at 11.

Additionally, although only Compass Group and UNITED HERE Local 8 are listed as defendants, Plaintiff repeatedly references other unidentified individuals who are not parties to this action including, "manager Scott," "manager Tim," and "SBM manager Greg." *See* Dkt. # 20 at 11-17. According to Plaintiff, these individuals were involved in

ORDER - 3

his termination, but Plaintiff does not identify how these individuals are connected to Defendant or how their allegedly improper conduct is attributable to Defendant. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (affirming dismissal where Plaintiff's complaint failed to clearly explain how each defendant was implicated by the plaintiff's allegations.).

Plaintiff's amended complaint does incorporate additional facts regarding his defamation claim and "GM Kris Villager's" alleged defamatory statements (Dkt. # 20 at 16-17), however, Ms. Villager is not a party and it is not clear from the complaint how her conduct is attributable to Defendant Compass Group. Plaintiff's wage shortage claim is even more challenging to understand. Although he attaches multiple exhibits in support of this case, the Court cannot determine from the amended complaint how Plaintiff's wages were allegedly shorted or how the alleged wage shortage is attributable to Defendant. Applying even the most liberal standard, Plaintiff fails to state a plausible claim for relief against Compass Group. *Bell Atl. Corp*, 550 U.S. at 556.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the first amended complaint is **GRANTED**. Dkt. # 22. Although a *pro se* litigant ordinarily must be given leave to amend his or her complaint, dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, the Court finds that further amendment would be futile. Plaintiff was previously warned that failure to state a cognizable claim for relief in his amended complaint would result in dismissal with prejudice. Despite being given the opportunity to address the underlying defects in his pleadings, Plaintiff's amended complaint is equally incomprehensible and fails to provide Defendant sufficient notice of the nature of his claims to allow Defendant to properly respond. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

ORDER - 4

1     Accordingly, Plaintiff's first amended complaint as to Defendant Compass Group USA is **DISMISSED** with prejudice.

    DATED this 28th day of April, 2020.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER - 5